UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ROBERT HUBER, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>JARED HOY, in his official capacity as Secretary of the Wisconsin Department of Corrections and GARY BOUGHTON, in his official capacity as Warden of the Wisconsin Secure Program Facility,<br><br>    Defendants. | Case No.:24-cv-0404 |

**PLAINTIFF'S MOTION AND REQUEST FOR THE COURT TO SCREEN THE COMPLAINT AS SOON AS PRACTICABLE**

NOW COMES Plaintiff, Robert Huber, an inmate at Wisconsin Secure Program Facility in Boscobel, Wisconsin, by his attorneys, Cade Law Group LLC, on behalf of himself and all other prisoners similarly situated, and requests the following relief: for the Court to screen the Complaint, Dkt. 1, "as soon as practicable." *See* 28 U.S.C. § 1915A(a).[1]

## **FACTS**

1. Plaintiff filed his Complaint on June 15, 2024. Dkt. 1.

2. The named defendants were served with the Complaint on June 24 and 28, 2024, respectively. Dkt. 10 and 11.

3. Notice of Appearances on behalf of both named defendants were filed by attorneys with the Wisconsin Department of Justice on July 1, 2024. Dkt. 5 and 6.

---

[1] "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

4. Defendants moved on July 1, 2024 to have the Complaint screened and stayed. Dkt. 7.

5. This Court granted the motion to stay on July 12, 2024. Dkt. 13. Thus, the Complaint has been pending screening since July 12, 2024, or 223 days.

## ARGUMENT

Here, the allegations are not the type that require immediate relief, such as a medical emergency, as noted in *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012), but the allegations, as alleged in the Complaint, continue to be a "serious ongoing injury." *Id.*, 689 F.3d at 682. More specifically, Plaintiff Huber has alleged an ongoing injury with regards to possession of personal property (a tablet) that the Wisconsin Department of Corrections no longer supports, and is also taking away possession of the "old tablets" in order to issue "new tablets" to inmates. The new tablets do not support the content or prior purchase of the old tablets, and thus, despite promises that once content "is purchased, [an inmate] will always own it!", that is not the case, especially where inmates are not permitted to keep the old tablets in their cells. *See, e.g.,* Dkt. 1 (Complaint), at ¶¶ 34-39. Nor can the content already purchased be utilized by any other persons who are not incarcerated. Dkt. 1 (Complaint), at ¶¶ 51-52. And, at the time of filing of the Complaint, only a handful of prisons within the State of Wisconsin prison system had switched over to the new tablets. Upon information and belief, all of the prisons now have switched over to the new tablets. This means, as alleged in the Complaint, that all DOC inmates, to the extent they owned an old tablet and had purchased media content such as music, games and books, no longer have possession of their old tablets and such tablets are no longer supported to use by anyone.

Moreover, counsel for Huber has received from over 300 DOC inmates[2] various inquiries and forms seeking to not only participate in this class action lawsuit, with purchased content amounts ranging from $50 to in excess of $5000, but almost a daily barrage of inquiries as to the status of the case.

Importantly, for purposes of screening, Plaintiff Huber has complied with all of his grievance obligations. *See* Dkt. 8-2.

In *Wheeler*, the Seventh Circuit noted that a ten month delay in screening a complaint "exceeds any understanding of 'as soon as practicable.' Delay is especially hard to understand when the complaint plausibly alleges a serious ongoing injury." *Wheeler*, 689 F.3d at 682. While the motion to screen has been pending in excess of seven months, far less than the individual defendant in *Wheeler*, it is important to note that the Court already has granted Defendants' motion for 60 days to respond to any order to do so, if the Complaint survives screening. So, at a minimum, this matter really will be at the nine month mark, if not longer.

The undersigned also is keenly aware and cognizant that the Court has a very busy docket, and does not wish to add to an overburdened judiciary. But, as Judge Stadtmueller noted in *Grady v. State of Wisconsin*, 2022 WL 60632, at *1 (E.D. Wis. Jan. 6, 2022)(and collecting other cases), it makes little sense from a policy rationale to screen complaints where counsel is representing a plaintiff, and thus is bound to a lawyer's obligation to the court and Rule 11 of the Federal Rules of Civil Procedure. Here, there are only three causes of action; a 5th Amendment Takings claim, a substantive due process claim under the 14th Amendment, and a conversion claim, which are all types of claims that the Court, as well as the attorneys, likely have dealt with numerous times.

---

[2] If the Court requests the identity or names of the various inmates, counsel can file the document under seal.

In short, this case is ready to be screened so that the case can move to the discovery phase. The harm to and injury suffered by Plaintiff Huber, and the other inmates, continues to grow every day this case waits to be screened, and the number of individuals harmed grows.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, that this Court screen this matter as soon as practicable.

Dated this 20th day of February, 2025.

                                    **CADE LAW GROUP LLC**

By: *s/Nathaniel Cade, Jr.*
     Nathaniel Cade, Jr., SBN 1028115
     Antonique C. Williams, SBN 1051850
     Annalisa Pusick, SBN 1116379
     Madison Bedder, SBN 1121996
     P.O. Box 170887
     Milwaukee, WI 53217
     (414) 255-3802 (phone)
     (414) 255-3804 (fax)
     nate@cade-law.com
     antonique@cade-law.com
     annalisa@cade-law.com
     madison@cade-law.com