IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT HUBER,

    Plaintiff,

v.                          Case No. 24C0404

JARED HOY, et al.,

    Defendants.

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Jared Hoy and Gary Boughton, by their attorneys, Wisconsin Attorney General Joshua L. Kaul and Assistant Attorneys General Mary Kathlin Sickel and Rebecca A. Paulson, hereby answer the Plaintiff's Amended Complaint (Dkt. 19), as follows:

**PRELIMINARY STATEMENT**

1.    Defendants DENY they violated any of Plaintiff's rights. Defendants ALLEGE the remaining allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

2.    Defendants ADMIT the Department of Corrections (Corrections) permits inmates to access electronic music files and books; DENY remaining allegations.

3.    Defendants ADMIT Huber has spent over $1,000 in digital media files; DENY remaining allegations.

4. Defendants ADMIT that the Department of Corrections entered into a contract with ICSolutions in October 2023; DENY remaining allegations.

5. Defendants DENY.

6. Defendants DENY they violated any of Plaintiff's rights. Defendants ALLEGE the remaining allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

## JURISDICTION AND VENUE

7. Defendants ADMIT this Court has jurisdiction over Plaintiff's claims in this lawsuit. Defendants DENY any inference that they violated Plaintiff's rights and DENY any remaining allegations.

8. Defendants ALLEGE the allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

9. Defendants ALLEGE the allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants ADMIT.

10. Defendants ADMIT venue is proper in the Western District of Wisconsin; DENY any remaining allegations.

## PARTIES

11. Defendants ADMIT.

12. Defendants DENY.

13. Defendants ADMIT.

14. Defendants ALLEGE this allegation calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants DENY.

15. Defendants ADMIT that Boughton was the Warden of WSPF at times relevant to this complaint; ALLEGE that Paula Stoudt is currently the WSPF Warden; DENY remaining allegations.

16. Defendants ADMIT they were acting under color of state law and within the scope of their employment for the Department of Corrections; DENY they violated any of Plaintiff's constitutional rights; DENY remaining allegations.

17. Defendants ALLEGE the allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants ADMIT.

## GENERAL FACTUAL ALLEGATIONS

**History of Wis. DOC's Tablet Program**

18. Defendants ALLEGE that Corrections began selling tablets in 2018 for the purpose of providing a way for inmates to purchase digital media; DENY remaining allegations.

19. Defendants ADMIT.

20. Defendants ADMIT that that the tablet rollout allows inmates to make phone calls, make medical and other requests, and access law library information; DENY remaining allegations.

21. Defendants ADMIT that Exhibit 1 speaks for itself.

22. Defendants ADMIT that Exhibit 1.

23. Defendants ADMIT.

24. Defendants ADMIT.

25. Defendants ADMIT that Exhibit 1 speaks for itself.

26. Defendants ADMIT that Exhibit 1 speaks for itself.

27. Defendants ADMIT that Exhibit 1.

28. Defendants ADMIT.

29. Defendants ADMIT.

30. Defendants ADMIT.

31. Defendants ADMIT.

32. Defendants ADMIT.

33. Defendants DENY the characterization that DOC encouraged inmates to purchase tablets; ADMIT remaining allegations.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the specific advertisement Plaintiff refers to, and therefore, DENY.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the specific advertisement Plaintiff refers to, and therefore, DENY.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the specific advertisement Plaintiff refers to, and therefore, DENY.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the specific user guide Plaintiff refers to, and therefore, DEN

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation, and therefore, DENY.

39. Defendants ADMIT that while each site moved to the ICSolutions contract, inmates had the option to purchase an ATG tablet; Defendants DENY remaining allegations.

40. Defendants DENY.

41. Defendants ADMIT and ALLEGE that commission from monthly media purchases go towards maintaining the tablet program at DOC and other programming for inmates.

42. Defendants ADMIT inmates purchased digital content on their tablets for use in prison; FURTHER ADMIT inmates do not have general internet access; lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY.

**Wis. DOC's Transition to the Current Multimedia Tablet Program**

43. Defendants ADMIT that Corrections entered into a new contract in October 2023; DENY remaining allegations.

44. Defendants ADMIT that the IC Solutions tablets are currently being rolled out to all inmates in phases based on their location; DENY that all inmates have the IC Solutions tablets as of the date of this Answer and ALLEGE that sites without IC Solutions tablets still maintain ATG tablet access.

45. Defendants DENY.

46. Defendants DENY the phrase "the ATG tables are nothing but expensive paperweights;" ADMIT that there is not an option to download purchased content from the ATG tablet to the IC Solutions tablet.

47. Defendants DENY.

48. Defendants DENY.

5

49. Defendants ADMIT that inmates are able to mail their tablets to individuals outside of the institution.

50. Defendants ALLEGE there are no factual allegations to which to respond. To the extent a response is required, Defendants DENY.

51. Defendants DENY.

52. Defendants DENY.

53. Defendants DENY.

54. Defendants DENY.

55. Defendants DENY.

56. Defendants DENY.

57. Defendants DENY.

58. Defendants DENY.

59. Defendants DENY.

**Factual Allegations Regarding Plaintiff Robert Huber**

60. Defendants ADMIT Plaintiff is prisoner incarcerated in the Wisconsin Department of Corrections; DENY that any of Plaintiff's rights have been violated.

61. Defendants ADMIT.

62. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore DENY.

63. Defendants ADMIT Huber purchased over $1000 of digital content; lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore, DENY remaining.

64. Defendants DENY.

65. Defendants DENY.

66. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore DENY.

67. Defendants DENY.

## CLASS ACTION ALLEGATIONS

68.-77. Defendants DENY.

## CAUSES OF ACTION

### Count 1: Takings Clause of the Fifth Amendment to the U.S. Constitution 42 U.S.C. § 1983

78. Defendant realleges and incorporates by reference the responses to the preceding paragraphs as if fully set forth herein.

79. - 80. Defendants DENY.

81. Defendants ALLEGE the allegations call for legal conclusions to which no response is required. To the extent a response is required, Defendants DENY.

82. – 88. Defendants DENY.

89. Defendants ADMIT the Multimedia Tablet Program was not implemented to address any improper use of the digital media files purchased through the Tablet Program; DENY remaining allegations.

90. – 92. Defendants DENY.

## PRAYER FOR RELIEF

Defendants DENY Plaintiff is entitled to any of the relief requested herein. Defendants DENY that they violated Plaintiff's constitutional rights and DENY all remaining allegations contained herein.

**OTHER**

Defendants DENY any allegations not specifically admitted to above.

**DEFENSES**

As for affirmative defenses in this action, Defendants state as follows:

1. All or portions of Plaintiff's claims must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies.

2. To the extent that Defendants are named in their personal capacities, all or portions of Plaintiff's claims must be dismissed pursuant to the doctrine of qualified immunity.

3. To the extent that Defendants are named in their official capacities, all or portions of Plaintiff's claims must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution.

4. This action is subject to the requirements, provisions, terms, conditions and limitations of 42 U.S.C. § 1997e.

5. Some or all of Plaintiff's claims must be dismissed to the extent that Plaintiff failed to mitigate damages.

6. Some or all of Plaintiff's claims may be barred by the doctrines of claim preclusion or issue preclusion.

7. Plaintiff may lack standing for the purpose of pursuing some or all of the claims made against Defendants.

8. Plaintiff's complaint fails to state a claim upon which relief may be granted.

9. Some or all Defendants had no personal involvement in the alleged violations.

10. Plaintiff failed to join a necessary or indispensable party.

### JURY DEMAND

Defendants join in Plaintiff's demand of a jury trial.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiff's Complaint on the merits with prejudice, and for such other relief as the Court deems just and proper, including an award of Defendants' reasonable attorney fees and expenses.

Dated: July 7, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

MARY KATHLIN SICKEL
Assistant Attorney General
State Bar #1122612

s/Rebecca. A. Paulson
REBECCA A. PAULSON
Assistant Attorney General
State Bar #1079833

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-7326 (Sickel)
(608) 266-0278 (Paulson)
(608) 294-2907 (Fax)
sickelmk@doj.state.wi.us
paulsonra@doj.state.wi.us